Curia, per

Johnson, Ch.
The Court concur in the judgment of the Circuit Court. Some errors in the statement of the facts have, however, found their way into the decree, and although they are not regarded as affecting the merits in the least, it is thought proper to correct them here.
The order of the ordinary, for the sale of the estate of Wm. Massey, complainant’s intestate, has been produced here; and seems to have been filed as an exhibit in the cause, but was not brought to the view of the Circuit Court. The terms prescribed are, that cash should be paid for all sums under five dollars; for all sums .over that, and not exceeding $1000, twelve *188 months credit; and two years credit for all sums exceeding that amount; and, as supposed in the decree, the purchasers were required to give bond and good security.
Withers, for the motion.
It is assumed by the decree, that at the time Clark purchased the negroes, he gave the administrators a note for the amount, signed by Bishop, or Bishop & Bowen; but, on further examination of the evidence and from the explanations of council here, I am satisfied that no note at all was given at the time, and that the only evidence of the debt was the written authority given by Bishop or Bishop & Bowen to Clark, to purchase, and the entry in bill of sales. The note which led to the mistake was obtained by Thomas C. Massey from Bowen, in December, 1837.
The argument founded on the supposed negligence of Thomas C. Massey in not securing this debt, after the death of Henry Massey, has been renewed here, but it will be seen, by recurring to the facts before stated, that according to the terms of the sale the debt did not become due until December, 1838, long after the affairs of Bishop & Bowen had become notoriously desperate. Thomas C. Massey-had, therefore, no means of coercing the payment and compelling them to give security. That he could, by diligence and address, have prevailed on men in their condition to pay so large an amount a year in advance, would scarcely furnish the grounds of a plausible argument that he was negligent, nor do I think he was under any legal or moral obligation to accept, even as a collateral security, notes and accounts scattered over the country, to relieve his co-administrator from the liability he had incurred by his negligence.
Appeal dismissed.
Harper, Johnston and Dunkin, Ch., concurred.